IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| New Prime, Inc., ) | |
| a Nebraska corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 16-cv-03407-S-SRB |
| Eaton Corporation, ) | |
| an Ohio corporation ) | |
| and ) | |
| John Does 1-100, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**SUGGESTION IN SUPPORT OF DEFENDANT
EATON CORPORATION'S REPLY TO PLAINTIFF NEW PRIME'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1
    I.    PLAINTIFF'S CLAIMS ARE BARRED UNDER *ILLINOIS BRICK* ...............................2
    II.   PLAINTIFF'S CLAIMS ARE UNTIMELY....................................................................4
        A.    Plaintiff Has Not Pled a Single Purchase Made Within the Four-year Statute of Limitations...................................................................................................4
        B.    The Face of the Complaint Establishes that Plaintiff's Claims Are Untimely ...........5
        C.    Prime Has Not Pled Fraudulent Concealment With Particularity ...............................7
    III.  PLAINTIFF WAIVED ITS UNJUST ENRICHMENT, FRAUD, AND UNFAIR COMPETITION CLAIMS ..................................................................................................9
CONCLUSION....................................................................................................................10
REQUEST FOR ORAL ARGUMENT................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................................1, 2, 5

*Baden v. Craig-Hallum, Inc.*,
    646 F. Supp. 483 (D. Minn. 1986) .............................................................................................4

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................................1, 2, 5

*Campos v. Ticketmaster Corp.*,
    140 F.3d 1166 (8th Cir. 1998) ...................................................................................................3

*Cty. of McHenry v. Ins. Co. of the W.*,
    438 F.3d 813 (7th Cir. 2006) .....................................................................................................9

*Dekro v. Stern Bros. & Co.*
    540 F. Supp. 406 (W.D. Mo. 1982) ...........................................................................................8

*Espey v. Nationstar Mortg., LLC*,
    Civ. No. 13-2979 ......................................................................................................................10

*Fiene v. V & J Foods, Inc.*,
    962 F. Supp. 1172 (E.D. Wis. 1997) .........................................................................................8

*Great Plains Trust Co. v. Union Pac. R.R. Co.*,
    492 F.3d 986 (8th Cir. 2007) .................................................................................................2, 8

*Illinois Brick Co. v. Illinois*,
    431 U.S. 720 (1977) ....................................................................................................... 1, 2, 3, 4

*In re Beef Indus. Antitrust Litig.*,
    600 F.2d 1148 (5th Cir. 1979) ...................................................................................................3

*In re Midwest Milk Monopolization Litig.*,
    730 F.2d 258 (8th Cir. 1984) .....................................................................................................3

*In re Pre-Filled Propane Tank Antitrust Litig.*,
    834 F.3d 943 (8th Cir. 2016) .....................................................................................................7

*In re Wholesale Grocery Products Antitrust Litig.*,
    722 F. Supp. 2d 1079 (D. Minn. 2010) .....................................................................................7

*Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*,
 797 F.3d 538 (8th Cir. 2015) ...................................................................................................3

*Kansas City, Mo. v. Fed. Pac. Elec. Co.*,
 310 F.2d 271 (8th Cir. 1962) ...................................................................................................9

*Kansas v. UtiliCorp United, Inc.*,
 497 U.S. 199 (1990) .................................................................................................................3

*Metropolitan St. Louis Equal Hous. Opportunity Council v. Tillman*,
 2007 WL 3046585 ....................................................................................................................5

*New Prime, Inc. v. ESPAR, Inc.*,
 12-3305-cv-S-SRB, Dkt. 22 (USDC WDMO Oct. 27, 2016) ...................................................1

*Pinney v. Edward D. Jones & Co., Inc.*,
 718 F. Supp. 1419 (W.D. Ark. 1989) ...................................................................................8, 9

*Pocahontas Supreme Coal Co., Inc. v. Bethlehem Steel Corp.*,
 828 F.2d 211 (4th Cir. 1987) ...................................................................................................7

*Scheuer v. Rhodes*,
 416 U.S. 232 (1974) ..............................................................................................................4, 5

*Stransky v. Cummins Engine Co., Inc.*,
 51 F.3d 1329 (7th Cir. 1995) ..............................................................................................9, 10

*Tate v. Scheidt*,
 No. 15-3115, 2016 WL 7155806 (D. Minn. Oct. 7, 2016) .......................................................9

*Warren Gen. Hosp. v. Amgen Inc.*,
 Civ. A. No. 09-4935 (SRC), 2010 WL 2326254 (D.N.J. June 7, 2010), *aff'd*,
 643 F.3d 77 (3d Cir. 2011) .......................................................................................................3

*White v. CTX Mortg., LLC*,
 No. 13-0335-CV-W-DGK, 2014 WL 1806705 (W.D. Mo. May 7, 2014) ...............................8

*Willmar Poultry Co. v. Morton-Norwich Prods., Inc.*,
 520 F.2d 289 (8th Cir. 1975) ...................................................................................................6

**OTHER AUTHORITIES**

Rule 9(b) .................................................................................................................................8, 10

Rule 12(b)(6) ..............................................................................................................................1, 5

**INTRODUCTION**

Defendant Eaton Corporation submits this Suggestion in Support of its Reply to Plaintiff New Prime's Suggestion in Opposition to the Motion to Dismiss pursuant to Rule 12(b)(6).

The standard to survive a motion to dismiss under Rule 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Yet, that is all Plaintiff's Complaint provides. Moreover, Plaintiff fails to rebut arguments in Eaton's motion and mischaracterizes the applicable law. Prime has not carried its burden and its case should be dismissed in its entirety with prejudice.

*First*, the Supreme Court in *Illinois Brick* barred all indirect purchaser claims like those asserted here. Indeed, this Court recently applied *Illinois Brick* against Plaintiff in dismissing antitrust claims against ESPAR. *See New Prime, Inc. v. ESPAR, Inc.*, 12-3305-cv-S-SRB, Dkt. 22 (USDC WDMO Oct. 27, 2016). And contrary to Plaintiff's argument, the Supreme Court has not recognized a co-conspirator exception to the bar on indirect purchaser claims. Even if such an exception were recognized, Plaintiff's own cited authority makes clear that it does not qualify for the exception – Plaintiff failed to join or even identify the alleged co-conspirator OEMs. As such, Plaintiff cannot circumvent *Illinois Brick* and is thus barred from bringing any of its antitrust and common law claims. *See Illinois Brick Co. v. Illinois*, 431 U.S. 720, 746 (1977).

*Second*, Plaintiff's claims are all time barred. Plaintiff is required to plead that it suffered some alleged injury within the statute of limitations. Plaintiff does not and cannot satisfy this burden. Even if, as Plaintiff argues, it bears no such burden, the law is clear: where, as here, the face of the Complaint establishes the untimeliness of the claims, the plaintiff has pled itself out of court. Plaintiff was on inquiry notice of its claims when: (i) Plaintiff alleges that it bought

1

8116580.1

trucks at "artificially elevated prices" in "1999" and (ii) the *Meritor* case – which Prime alleged to be "*virtually identical*" to its own claims – was publicly filed in 2006. Prime ignores these facts in its Opposition. Moreover, Plaintiff's fraudulent concealment claims are conclusory and cannot cure Plaintiff sitting idle for *over a decade*. Plaintiff simply asserts that Eaton "fraudulently concealed" the alleged conspiracy, but does not allege any *facts* from which the Court could ascertain any of the "who, what, when, where, and how" of the alleged fraud, let alone that Plaintiff itself heard and relied upon any Eaton fraud in deciding to wait so long to file this suit. *Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007).

*Third*, Plaintiff leaves wholly unrebutted Eaton's arguments that Plaintiff failed to specify which state's fraud, unfair competition, and unjust enrichment laws Eaton allegedly violated and that these claims are pled only in a conclusory, and thus entirely inadequate, fashion. Plaintiff's Complaint thus does not meet the requirements of *Twombly* and *Iqbal*, which requires dismissal.

## I.     PLAINTIFF'S CLAIMS ARE BARRED UNDER *ILLINOIS BRICK*

Plaintiff's Complaint establishes that it did not purchase transmissions directly from Eaton. Compl. ¶¶ 3, 7, 19. Plaintiff concedes that it did not buy directly from Eaton and, instead, that it purchased "*all* Class 8 transmissions from an OEM." Opp. at 5 (emphasis added). Its claim is thus barred unless one of the limited exceptions to *Illinois Brick* applies. None apply.

The Supreme Court has created only two narrow exceptions to its bar on indirect purchaser suits. Plaintiff does not and cannot argue that its Complaint alleges facts supporting either exception.[1] The Supreme Court has flatly refused to create additional exceptions to the

---

[1] First, there is no allegation that any OEM which sold directly to Plaintiff was "owned or controlled" by Eaton or by Prime. Second, there is no allegation that any OEM has a "cost-plus" contract with Eaton that contractually required the OEM to pass on any alleged overcharge. *Illinois Brick*, 431 U.S. at 736 nn.12, 16.

2

8116580.1

Case 6:16-cv-03407-SRB   Document 18   Filed 01/27/17   Page 6 of 16

*Illinois Brick* bar on indirect purchaser suits.[2]  *See Kansas v. UtiliCorp United, Inc.*, 497 U.S. 199, 208 (1990) ("petitioners assert that we should allow indirect purchaser suits in cases involving regulated public utilities that pass on 100 percent of their costs to their customers ... We disagree."). As a result, lower "courts are loath to recognize exceptions to the *Illinois* Brick doctrine." *Warren Gen. Hosp. v. Amgen Inc.*, Civ. A. No. 09-4935 (SRC), 2010 WL 2326254, at *4, (D.N.J. June 7, 2010), *aff'd*, 643 F.3d 77 (3d Cir. 2011) (citation omitted).

Moreover, Plaintiff cannot satisfy the basic elements of such an exception. *First*, Plaintiff's own authorities clearly establish that, "[i]n this circuit, an antitrust plaintiff cannot avoid the *Illinois Brick* rule by characterizing a direct purchaser as a party to the antitrust violation, ***unless the direct purchaser is joined as a defendant***." *Campos v. Ticketmaster Corp.*, 140 F.3d 1166, 1172 n.4 (8th Cir. 1998) (citing *In re Midwest Milk Monopolization Litig.*, 730 F.2d 258, 529-31 (8th Cir. 1984)) (emphasis added); *see also Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*, 797 F.3d 538, 542 (8th Cir. 2015) ("indirect purchasers may bring an antitrust claim if they allege the direct purchasers are 'party to the antitrust violation' *and join the direct purchasers as defendants*.") (emphasis added) (citation omitted); *see also In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1163 (5th Cir. 1979) ("*Absent joinder* of the [alleged co-conspirator middlemen], the rule forbidding one antitrust conspirator from maintaining an action against another for damages arising from the joint activity would not protect these defendants from the risk of overlapping liability.") (emphasis added)*; In re Midwest Milk Monopolization Litig.*, 730 F.2d at 533 (finding no error where district court granted summary judgment, noting that "non-joinder of [unnamed coconspirators,] defeat[ed] plaintiffs' claims"). Plaintiff has not

---

[2] Plaintiff grossly mischaracterizes *Bateman Eichler v. Berner* to support its argument that "the [*Bateman Eichler*] Court stated 'the co-conspirator exception applies to suits brought by indirect purchasers when there are allegations of conspiracy, the co-conspirators are joined as co-defendants, and the middleman's involvement is truly complete . . .'" Opp. at 6-7 (citing 472 U.S. 299 (1985)). The quoted passage does not exist and, in fact, the case does not mention *Illinois Brick* or indirect purchasers.

3

8116580.1

joined any OEM as a defendant and thus cannot qualify for any co-conspirator exception.

*Second,* to invoke the exception, Plaintiff would need to allege that the *specific* OEMs it purchased trucks from were involved in the alleged conspiracy. Plaintiff has not alleged that it purchased any trucks from OEMs that were actually involved in the alleged conspiracy. Prime only generically alleges that Eaton conspired with "certain unidentified truck manufacturers and/or distributors."[3] Compl. ¶ 3. Plaintiffs' generic allegations are thus insufficient to invoke any co-conspirator exception to *Illinois Brick*.

## II. PLAINTIFF'S CLAIMS ARE UNTIMELY

### A. Plaintiff Has Not Pled a Single Purchase Made Within the Four-year Statute of Limitations

A plaintiff's burden to plead factual allegations demonstrating its satisfaction of the statute of limitations has been recognized by courts in this circuit. *See Baden v. Craig-Hallum, Inc.*, 646 F. Supp. 483, 487 n.2 (D. Minn. 1986) ("The general rule in the federal courts is that where the very statute which creates the cause of action also contains a limitation period, the statute of limitations not only bars the remedy, but also destroys the liability, and hence, plaintiff must *plead* and *prove* facts showing that he is within the statute.") (citation omitted). Plaintiff wholly ignores this law in its Opposition brief. Plaintiff does not and cannot deny that it has not pled facts identifying a single truck or transmission purchase made within the statute of limitations. Its claims are thus untimely and should be dismissed.

Instead, Plaintiff relies on *Scheuer v. Rhodes*, 416 U.S. 232 (1974), an abrogated case, to

---

[3] Plaintiff points to paragraphs 21, 23, 28, 32, and 33 of its Complaint as support for its claim that "OEMs were directly and completely involved in every aspect of the conspiracy. Opp. at 7. However, these paragraphs are nothing but conclusory, boilerplate language ("[Eaton] conspired with OEMs" Compl. ¶ 21; "[Eaton] illegally structured . . . anticompetitive agreements with OEMs." *Id.* ¶ 23). In its Opposition, Plaintiff generically states that "OEMs fully appreciated that in order for Eaton to wield full monopoly market share, each OEM had to agree to expel Meritor in its transmission/pricing practices." Opp. at 6. But, again, Plaintiff does not plead any *facts* to support its allegation.

4

8116580.1

Case 6:16-cv-03407-SRB   Document 18   Filed 01/27/17   Page 8 of 16

support its contention that plaintiffs bear no duty to plead facts sufficient to avoid the affirmative statute of limitations defense. Putting aside that the well-pleaded complaint standard in *Scheuer* has given way to the more substantial standard set forth in *Twombly* and *Iqbal*, *Scheuer* does not address the duty to plead sufficient facts to avoid a statute of limitations defense. Plaintiff stretches *Scheuer's* simple comment that a remote recovery is "not the test" for a well-pleaded complaint into full-throated support for its insufficient pleading.

### B. The Face of the Complaint Establishes that Plaintiff's Claims Are Untimely

Plaintiff concedes that dismissal is proper if the Complaint, on its face, conclusively establishes that its claims are time barred. Opp. at 10-11, citing *Metropolitan St. Louis Equal Hous. Opportunity Council v. Tillman*, 2007 WL 3046585, *1 ("dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense.") (internal quotation marks and citation omitted). It is clear from the face of Plaintiff's Complaint that it has effectively pled itself out of the statute of limitations.

Plaintiff argues it suffered "direct financial harm" in the form of paying "artificially inflated prices" on its purchase of "thousands" of trucks, each and every year, beginning in 1999 through 2006. Compl. ¶¶ 5, 19, 42; Opp. at 1. Plaintiff's claims thus accrued over seventeen years ago in 1999, yet it inexplicably waited until October 6, 2016 to file its Complaint. Plaintiff fails to address why its allegations do not establish that it was on at least inquiry notice of its claims in 1999 or at some point "[a]cross the 1999 to 2006 period of alleged harm." Compl. ¶ 19.

The Complaint also establishes that, at the latest, the statute of limitations began to run in 2006. Plaintiff alleges a host of events that occurred by 2006 that would have triggered *at least*

5

inquiry notice. *First,* as discussed, by 2006, Plaintiff pled that it had already been paying substantial overcharges on "thousands" of truck purchases that it made, "each year," for the prior seven years. Compl. ¶ 2, 5, 7; Opp. at 1. *Second,* the Complaint alleges that, by 2006, Eaton had "eliminated competition for Class 8 linehaul truck transmissions," controlled "substantially all the Class 8 transmission marketplace," and had virtually eliminated Meritor, Eaton's only Class 8 transmission competitor, from the market. Compl. ¶ 21, 22.[4] *Third*, the *Meritor* case – which Plaintiff describes as "***virtually identical***" to the present case – was publicly filed in October 2006. Compl. ¶¶ 21-22; Opp. at 3 ("Prime's charges against Eaton have [been] litigated against the Defendant in *Meritor*" and that the "theories of defendant Eaton's misconduct, as they apply to antitrust violations in the Class 8 transmission market segment, are virtually identical to that of the Meritor case."). The accumulation of these events by 2006 would certainly have triggered Plaintiff's duty to investigate its own "identical" claims.

As the Eighth Circuit has recognized, a plaintiff can be charged with knowledge of public events and records that receive widespread publicity. *Willmar Poultry Co. v. Morton-Norwich Prods., Inc.*, 520 F.2d 289, 295-96 (8th Cir. 1975) (plaintiffs should have been aware of a Tariff Commission report and hearings). The *Meritor* case was publicized widely when it was filed, and the complaint and reams of other case materials, including thousands of pages of trial transcripts, hundreds of trial exhibits, and much of the voluminous discovery record have been publicly available for many years. As noted in Eaton's motion to dismiss, the Eighth Circuit has recently made clear that such unjustified delay demands dismissal of the Complaint, particularly where the delay is in the face of public knowledge of an alleged anticompetitive act in the form

---

[4] Plaintiff also alleges that Eaton acquired and exercised monopoly power *thirty years ago*. Compl. ¶ 21 ("Within the last three decades, only Meritor, and only for a punctuated period of time on or around 1999, managed to secure a market share of any commercial significance in the Class 8 transmission segment."). Maintenance of monopoly power over a thirty-year timespan surely would have put Plaintiff on notice that it had been or could be charged monopoly prices.

6

8116580.1

of a prior filed antitrust action. *In re Pre-Filled Propane Tank Antitrust Litig.*, 834 F.3d 943, 950 (8th Cir. 2016), as corrected (Aug. 25, 2016) (affirming dismissal of a complaint because the statute of limitations had run and where the only specific conspiratorial acts alleged in Plaintiffs' complaint occurred outside the statute of limitations and plaintiffs were put on notice when a first class action was filed). The face of Plaintiff's Complaint thus establishes that it was placed on inquiry notice and the statute of limitations began to run, at latest, over ten years ago.

Plaintiff's opposition utterly ignores all of these triggering events *that its own Complaint details* and argues instead that it could not have known a sufficient basis for its claims until "Meritor's appellate success against Eaton began to garner the sort of perceptible press coverage that did, or should have, put Prime on notice." Opp. at 14. But the law does not permit Plaintiff to cast aside a host of prior, publicly available triggering events and arbitrarily select a more convenient accrual date. The law on inquiry notice is clear; Plaintiff had ample access to "facts" relating to its claims over the past seventeen years to trigger the duty to investigate.

### C. Prime Has Not Pled Fraudulent Concealment With Particularity

First, Plaintiff does not and cannot dispute that the filing of the "virtually identical" *Meritor* lawsuit in 2006 was public. Therefore, fraudulent concealment cannot even apply. Beyond that, Plaintiff's argument that Eaton's unspecified self-concealing actions are enough to constitute fraudulent concealment fails as a matter of law. "As one court aptly observed in responding to a similar argument, '[t]o permit a claim of fraudulent concealment to rest on no more than an alleged failure to own up to illegal conduct upon this sort of timid inquiry would effectively nullify the statute of limitations in these cases. It can hardly be imagined that illegal activities would ever be so gratuitously revealed.'" *In re Wholesale Grocery Products Antitrust Litig.*, 722 F. Supp. 2d 1079, 1085 (D. Minn. 2010) (quoting *Pocahontas Supreme Coal Co., Inc. v. Bethlehem Steel Corp.*, 828 F.2d 211, 218–19 (4th Cir. 1987)). Similarly, the Court in *Dekro*

7

*v. Stern Bros. & Co.* held that "a plaintiff who seeks to invoke the protection of [the] equitable tolling doctrine must show that the defendant engaged in tactics of concealment which extend beyond the original, underlying fraud – i.e. a coverup." 540 F. Supp. 406, 414 (W.D. Mo. 1982) (citation omitted). The Court has also held that, "[t]o establish a claim of fraudulent concealment to equitably toll a federal claim, the plaintiff must plead with particularity the *'who, what, when, where, and how'* of the alleged fraudulent act. . . Under this standard, 'conclusory legal allegations' do not establish fraudulent concealment." *White v. CTX Mortg., LLC*, No. 13-0335-CV-W-DGK, 2014 WL 1806705, at *4 (W.D. Mo. May 7, 2014) (citing *Great Plains Trust Co.*, 492 F.3d at 995 (internal citation omitted). Plaintiff's Opposition does not address any of the authorities Eaton cited (Mem. at 8-10) holding, consistent with the foregoing law, that "[c]oncealment by mere silence is not enough," "[t]here must be actual concealment - i.e., some trick or contrivance intended to exclude suspicion and prevent inquiry." *Fiene v. V & J Foods, Inc.*, 962 F. Supp. 1172, 1183 (E.D. Wis. 1997) (citation omitted).

Prime fails to allege any particularized facts in its Complaint and only doubles down in its Opposition, pointing to "facts" that are instead just conclusions ("The illegal acts of Defendant . . . were wrongfully concealed"; "Actions of this sort were self-concealing," Compl. at ¶¶ 27 – 28; "No exercise of reasonable due diligence would have revealed the essence of the conspiracy"; "no level of scrutiny . . . would have led to actionable ascertainment or notice." (Opp. at 11, 14)). Plaintiff thus has fails to assert anything beyond conclusory allegations of concealment, tied only to Eaton's purported failure to reveal the alleged unlawful conduct, and without any of the particularized details required by Rule 9(b).

Prime relies heavily on *Pinney v. Edward D. Jones & Co., Inc.*, 718 F. Supp. 1419 (W.D. Ark. 1989), a securities law case involving retail investors who claimed damages due to their

broker's failure to disclose material facts about the risk factors of an investment and the financial condition of the investment entity. Plaintiffs in *Pinney* argued for equitable tolling and noted that they relied on both their broker and several "reassuring" letters they had received about the condition of the investment. Unlike Prime, the plaintiffs in *Pinney* had a fiduciary relationship with the defendants. A fiduciary duty raises an affirmative obligation to make a disclosure. In the absence of such a relationship – or some other affirmative obligation to make a disclosure – a defendant's silence is not enough to invoke the doctrine of fraudulent concealment and toll the statute of limitations. *Kansas City, Mo. v. Fed. Pac. Elec. Co.*, 310 F.2d 271, 278 (8th Cir. 1962). Here, Plaintiff can claim no affirmative obligation from Eaton to make a disclosure.[5]

### III. PLAINTIFF WAIVED ITS UNJUST ENRICHMENT, FRAUD, AND UNFAIR COMPETITION CLAIMS

"[W]hen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action." *Stransky v. Cummins Engine Co., Inc.*, 51 F.3d 1329, 1335 (7th Cir. 1995) (citation omitted). In its Complaint, Plaintiff alleged that Eaton engaged in fraud, unfair competition, and unjust enrichment, but did not identify the specific state laws that Eaton supposedly violated. Eaton cited law establishing that this failure leaves it in the dark as to the elements of the claims brought against it and renders it impossible for the Court to determine whether Prime pled a *prima facie* case. Eaton's Mot. Dismiss, at 14-15. Plaintiff totally ignores Eaton's arguments. As Eaton's argument remains wholly unrebutted, these claims should be dismissed. *See Cty. of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 818 (7th Cir. 2006), as amended (Apr. 11, 2006) ("[a]lthough the district court is required to consider whether a plaintiff could prevail under any legal theory or set of facts . . . it will not invent legal arguments for litigants.") (internal quotation marks and citation omitted); *Tate v. Scheidt*, No.

---

[5] Plaintiff acknowledges that it has no privity, let alone a fiduciary relationship, with Eaton and that Plaintiff purchased from OEMs, not Eaton. Compl. at ¶ 14.

9

15-3115 (WMW/JSM), 2016 WL 7155806, at *6 (D. Minn. Oct. 7, 2016), *report and recommendation adopted*, No. 15-CV-3115 (WMW/BRT), 2016 WL 7175593 (D. Minn. Dec. 7, 2016) (citing *Stransky* and explaining that "[a] party's failure to oppose specific arguments in a motion to dismiss results in waiver of those issues.") (citation omitted); *Espey v. Nationstar Mortg., LLC*, Civ. No. 13-2979 ADM/JSM, 2014 WL 2818657, at *11 (D. Minn. June 19, 2014) ("Plaintiff's failure to respond amounts to a waiver, and on that basis alone defendant's motion to dismiss [the] claim should be granted.") (citation omitted).

Additionally, Eaton raised Plaintiff's failure to plead fraud with particularity as required by Rule 9(b). Plaintiff simply pleads that it "reasonably relied upon the representations directly structured by Defendant in the Class 8 tractor market place" (Compl. ¶ 57), but fails to identify *any facts* to support this claim. Plaintiff's Opposition does not explicitly address this failure. To the extent Plaintiff's arguments with respect to fraudulent concealment are an attempt to address the generic fraud claim, Plaintiff fails here as well. Plaintiff concedes that fraud must be pled with particularity. Opp. at 11. It argues that Rule 9(b) "does not require plaintiff to plead facts that were under defendant's exclusive control." *Id.* Plaintiff ignores key facts necessary to support its claim would be *uniquely within Plaintiff's control.* For example, Plaintiff cannot possibly bring a fraud claim without itself knowing which of Eaton's purported representations *it* relied upon and how *it* allegedly relied upon them to its detriment. Plaintiff's failure to plead enhanced facts under Rule 9(b) is fatal to its claims.

## CONCLUSION

For the above reasons, the Complaint should be dismissed in its entirety with prejudice.

## REQUEST FOR ORAL ARGUMENT

Eaton respectfully requests oral argument on its Motion to Dismiss the Complaint.

Respectfully submitted,

SANDBERG PHOENIX & von GONTARD P.C.


By: */s/ Jonathan T. Barton*
    Jonathan T. Barton, #47260
    600 Washington Avenue - 15th Floor
    St. Louis, MO 63101-1313
    314-231-3332
    314-241-7604 (Fax)
    jbarton@sandbergphoenix.com

    AND

    */s/ Erik T. Koons*
    Erik T. Koons (*pro hac vice*)
    BAKER BOTTS LLP
    1299 Pennsylvania Avenue, NW
    Washington, DC 20004
    202-639-7973
    202-585-1086 (Fax)
    erik.koons@bakerbotts.com

    *Attorneys for Defendant*
    *Eaton Corporation*

11

8116580.1

## CERTIFICATE OF SERVICE

   I hereby certify that on 27th day of January 2017 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Justin A. Collins
New Prime, Inc.
2740 North Mayfair
P.O. Box 4208
Springfield, MO 65808-4208
jcollins@primeinc.com

Stuart H. King
Hosmer King & Royce, LLC
313 South Glenstone Avenue
Springfield, MO 65802
stuart.king@hkrlawoffice.com

*Attorneys for Plaintiff*

                   */s/ Jonathan T. Barton*